[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 28, 2010
JOHN LEY
CLERK

No. 10-11838
Non-Argument Calendar

_____

D.C. Docket No. 4:09-cr-10030-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMAS MORALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 28, 2010)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Tomas Morales pled guilty to conspiracy to encourage and induce an alien

to come to, enter, and reside in the United States, in violation of 8 U.S.C.

§ 1324(a)(1)(A)(v)(I), and the district court sentenced him to prison for 60 months. He appeals his sentence, contending that it is both procedurally and substantively unreasonable. It is procedurally unreasonable, he says, because his criminal history was fully taken into account by the Guidelines sentencing range, and the court improperly relied on the history in imposing a sentence above such range. (*Id.*).[1] It is substantively unreasonable given his individual circumstances.

We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). In reviewing the reasonableness of a sentence, we conduct a two-step review, first ensuring that the sentence was procedurally reasonable, meaning the district court properly calculated the Guidelines sentencing range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.

---

[1] Morales also contends that if his sentence was imposed as a departure from the sentencing range, it constituted a departure and was done without advance notice. Since the district court focused entirely on the factors contained in 28 U.S.C. § 3553(a) in imposing sentence, its deviation from the sentencing range was a variance rather than a departure. *See United States v. Eldick*, 443 F.3d 783, 788 n.2 (11th Cir. 2006).

In imposing a sentence, the court must state its reasons for choosing it. 18 U.S.C. § 3553(c). However, the court is not required to "state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Rather, the court's acknowledgment that it has considered the § 3553(a) factors together with the parties' arguments is sufficient. *See id.*

Once we determine that a sentence is procedurally sound, we examine whether the sentence is substantively reasonable in light of the record and the § 3553(a) factors. *Gall*, 552 U.S. at 51, 56, 128 S.Ct. at 597, 600. The court is required to impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing

Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

In determining whether a sentence is substantively reasonable, the district court may consider facts that have already been taken into account in calculating the sentencing range. *See United States v. Williams*, 526 F.3d 1312, 1323-24 (11th Cir. 2008) (district court could consider defendant's prior offenses in deciding to impose an upward variance, even though those offenses were already included in the defendant's criminal history score); *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence"). We have previously affirmed upward variances that were based in part on the defendant's prior criminal history. *See, e.g.*, *United States v. Shaw*, 560 F.3d 1230, 1239-41 (11th Cir. 2009) (affirming 83-month upward variance in a case where the defendant had 26 prior arrests).

In light of these principles, we conclude that Morales's 60-months' sentence is reasonable both procedurally and substantively. The district court correctly calculated the sentencing range, and then exercised its authority to deviate from

that range based on the § 3553(a) factors.  The court properly considered the § 3553(a) factors and the weight that should be given them.

AFFIRMED.